**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1536
_____

T. BARRY GRAY,
                        Appellant

v.

DAVID A. YAVIL; WALTER H. SWAYZE; SEGAL MCCAMBRIDGE SINGER &
MAHONEY; SHERRI J. BRAUNSTEIN; STUART WINNEG; URDEN LAW
OFFICES; DIANE B. CARVELL; RAWLE & HENDERSON; LINDA A. MICHLER;
MICHELLE PIERSON; OCWEN LOAN SERVICING; OCWEN FIN CORP;
MICHAEL L. BUONOPANE; PROFESSIONAL CLEAN OUT SERVICES; ABIGAIL
BRIDGEFORD; ORLANDO BRIDGEFORD; BRIDGEFORD REAL ESTATE;
ATTORNEY GENERAL COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 11-cv-02518)
District Judge:  Honorable J. William Ditter, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2013

Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: February 1, 2013)
_____

OPINION
_____

PER CURIAM

1

T. Barry Gray appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint for failure to state a claim. For the reasons set forth below, we will vacate and remand to the District Court for further proceedings.

Because we write primarily for the parties, who are familiar with the facts, we will not recite them except as necessary to the discussion. Gray owned a home in Philadelphia that was the subject of a foreclosure action. Ultimately, the property was sold at a sheriff's sale. Thereafter, Gray filed several actions in state court, complaining that the locks on the property had been changed and that personal items had been removed. In October 2011, the Court of Common Pleas of Philadelphia County rejected Gray's most recent lawsuit. Gray v. Buonopane, No. 1262, 2011 Phila. Ct. Com. Pl. LEXIS 278 (C.P. Phila. Oct. 6, 2011). The Court of Common Pleas held that Gray's claims "have been litigated and have reached a final disposition on at least three occasions" and barred him from filing related pro se causes of action without leave of court. In support of its decision, the Court of Common Pleas relied on Pennsylvania Rule of Civil Procedure 233.1, which provides that a defendant in an action brought by a pro se plaintiff may move for dismissal if "the pro se plaintiff is alleging the same or related claims which the pro se plaintiff raised in a prior action against the same or related defendants[, and] . . . these claims have already been resolved pursuant to a written settlement agreement or a court proceeding." Pa. R. Civ. P. 233.1(a) (effective Apr. 8, 2010). The Rule also states that "[u]pon granting the motion and dismissing the action, the court may bar the pro se plaintiff from pursuing additional pro se litigation against the

2

same or related defendants raising the same or related claims without leave of court." Pa. R. Civ. P. 233.1(c). The Superior Court affirmed. Gray v. Buonopane, 53 A.3d 829 (Pa. Super. Ct. 2012).

Meanwhile, in April 2011, Gray filed a complaint in the District Court, which he later amended, challenging the constitutionality of Rule 233.1. The District Court sua sponte dismissed the complaint for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii). Although the District Court acknowledged that Gray was challenging the constitutionality of Rule 233.1, it did not address that claim. Instead, it concluded that the "gravamen of [Gray's] complaint is to obtain this court's review of the state court's decision dismissing his underlying case and enjoining him from further filings in that matter." As to that claim, the District Court held that review was barred by the Rooker-Feldman doctrine. Gray appealed.[1]

The Rooker-Feldman doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication. Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Supreme Court has explained that this doctrine is narrow and confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

---

[1] We have appellate jurisdiction under 28 U.S.C. § 1291. Our review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); cf. Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006) (exercising plenary review over district court's invocation of the Rooker-Feldman doctrine).

3

"[F]our requirements . . . must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil, 544 U.S. at 284) (alterations in original).

These requirements are not met here. When Gray filed his federal complaint, his action in state court was still pending. Moreover, Gray did not complain of injuries caused by a state court decision. Rather, he raised a direct challenge to the constitutionality of Rule 233.1. Because that challenge was not subject to dismissal under the Rooker-Feldman doctrine, the District Court erred in dismissing the complaint sua sponte under § 1915(e)(2)(B)(ii). See Whiteford v. Reed, 155 F.3d 671, 674 (3d Cir. 1998) (holding that district court was not precluded from exercising jurisdiction where it "was not requested to interpret Pennsylvania's rules of . . . procedure, [but] . . . was asked to interpret the Constitution."). We express no opinion as to the merits of Gray's constitutional claim. On remand, however, the District Court should consider whether the defendants should be served with the complaint and provided an opportunity to respond.

For the foregoing reasons, we will vacate the judgment of the District Court and remand the matter for further proceedings consistent with this opinion.